### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| In re: **Intha Vongchanh,** | **Bankruptcy No. 09 B 70050** |
| **Debtor.** | **Chapter 7** |
| | **Judge Manuel Barbosa** |

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Turnover filed by Megan G. Heeg, Chapter 7 Trustee ("Trustee"), seeking to have debtor Intha Vongchanh ("Debtor") turnover the sum of $7440. This sum was the total refund Debtor and his non-filing spouse received from their 2008 federal and state joint tax returns. For the reasons set forth herein, the Court grants in part and denies in part Trustee's Motion for Turnover.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) (2006).

## FACTS AND BACKGROUND

Debtor filed a voluntary Chapter 7 bankruptcy petition on January 9, 2009. During the Debtor's § 341 Meeting on February 6, 2009, Debtor indicated that he expected to receive a total tax refund in excess of $7000 based solely on his income alone. (Mot. for Turnover ¶ 3.) At the § 341 Meeting, Trustee instructed Debtor to tender the refunds to Trustee upon receipt; Trustee reminded Debtor of this instruction through subsequent letters to Debtor. (Mot. for Turnover ¶ 4–5, 7.)

In February 2009, Trustee learned that Debtor had received $7440 in tax refunds ($7384

federal and $56 state). (Mot. for Turnover ¶ 6.) Debtor did not tender his tax refunds and

Trustee filed this Motion for Turnover on April 21, 2009. (Mot. for Turnover.) Debtor filed an

answer to the motion on May 1, 2009 in which Debtor asked the Court to deny Trustee's motion

or convene a hearing. (Answer to Trustee's Mot. for Turnover.) In the answer, Debtor stated

that $1674 of the federal tax refund was attributable to child credit. (Answer to Trustee's Mot.

for Turnover ¶ 6.) Debtor also noted that his non-filing wife had filed for divorce in the State of

Wisconsin and that she had custody of their five children. (Answer to Trustee's Mot. for

Turnover ¶ 8.) Debtor stated that he would not have received any refund had he not filed jointly

with his wife and that he would not have received the child tax credit had he filed alone because

his wife had custody of the children. (Answer to Trustee's Mot. for Turnover ¶ 11–12.)

Debtor argued that his non-filing spouse was entitled to half of the refund. (Answer to

Trustee's Mot. for Turnover ¶ 9.) In rebuttal, Trustee argued that this court should conclude that

the non-filing spouse had no interest in the tax refund and that, consequently, all of the refund

should be turned over to the Chapter 7 estate. (Trustee's Mem. in Supp. of Mot. for Turnover ¶

16.)

### DISCUSSION

The issue before the Court is what portion of joint income tax refunds a Chapter 7 estate

is entitled to receive when a debtor files joint tax returns with a non-working spouse. This Court

concludes that the non-working spouse is entitled to a presumption of an interest in half of the

refund. Therefore, Debtor's Chapter 7 estate is entitled to half of the refund.

Upon a debtor's filing of a bankruptcy case, a Chapter 7 estate ("Estate") is created. 11

U.S.C. § 541(a) (2006). Thereafter, the debtor has the duty to "surrender to the trustee all

property of the estate . . . ." 11 U.S.C. § 521(a)(4) (2006). A trustee can seek turnover of estate

property pursuant to 11 U.S.C. § 542 which states that "an entity . . . in possession, custody, or control . . . of property that the trustee may use, sell, or lease . . . shall deliver to the trustee . . . such property or the value of such property[.]" 11 U.S.C. § 542(a) (2006).

Property of the bankruptcy estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2006). "This provision is broadly interpreted to include any legally enforceable right of the debtor." Krol v. Crosby (In re Mason), 386 B.R. 715, 721 (Bankr. N.D. Ill. 2008) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 204–05 (1983)). "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993).

"Property interests are created and defined by state law." Butner v. United States, 440 U.S. 48, 55 (1979). Nonetheless, it is well-settled that an income tax refund may be part of a bankruptcy estate. Segal v. Rochelle, 382 U.S. 375, 379–81 (1966). However, courts are greatly divided on the question of what portion of an income tax refund is part of the estate when there is a joint tax return with non-filing spouse. See generally 9A Am. Jur. 2d Bankruptcy § 1313 (2009); 3A Bankr. Service L. Ed. § 29:280 (West). Because Debtor has not claimed a § 522 exception with respect to the tax refund, "the rule of inclusion stated in § 541 controls" and the entire tax refund may be found to be property of the estate. Payne v. Wood, 775 F.2d 202, 204 (7th Cir. 1985).

Generally, courts have recognized three approaches "to the allocation of income tax refunds between spouses who file a joint tax return, where one of them is the main or sole income earner." Carlson v. Moratzka (In re Carlson), 394 B.R. 491, 494 (B.A.P. 8th Cir. 2008).

The first two approaches are commonly referred to as the "majority" approach[1] and involve the distribution of a tax refund based on either tax withholdings or earned income. See Kleinfeldt v. Russell (In re Kleinfeldt), 287 B.R. 291, 293–94 (B.A.P. 10th Cir. 2002). Under the third approach, commonly referred to as the "minority" approach,[2] a court will presume a refund should be equally split between the spouses. In re Innis, 331 B.R. 784, 787 (Bankr. C.D. Ill. 2005). This is a case of first impression for the Northern District of Illinois. There is a split of authority in the Southern and Central Districts of Illinois. Compare In re Lock, 329 B.R. 856, 860 (Bankr. S.D. Ill. 2005) (adopting majority approach) with In re Innis, 331 B.R. at 790 (adopting minority approach).

This Court finds the analysis in In re Innis to be better reasoned and agrees that a presumption of equal distribution of an income tax refund is most in line with the public policy behind Illinois law affecting married individuals. As the In re Innis court stated, marriage in Illinois is viewed as a "shared partnership" and it follows that an income tax refund should be "treated as marital property without regard to whose income or other tax attributes generated the refund." In re Innis, 331 B.R. at 788.

More compelling support is found in the "reality" of the Internal Revenue Code. First, as one bankruptcy court found when it adopted the presumption of equal ownership:

---

[1] Cases which adopt the majority approach include: Carlson v. Moratzka (In re Carlson), 394 B.R. 491 (B.A.P. 8th Cir. 2008); Kleinfeldt v. Russell (In re Kleinfeldt), 287 B.R. 291 (B.A.P. 10th Cir. 2002); In re Boudreau, 350 F. Supp. 644 (D. Conn. 1972); In re Wetteroff, 324 F. Supp. 1365 (E.D. Mo. 1971); In re Gartman, 372 B.R. 790 (Bankr. D.S.C. 2007); In re Lock, 329 B.R. 856 (Bankr. S.D. Ill. 2005); In re WDH Howell, LLC, 294 B.R. 613 (Bankr. D.N.J. 2003); Monticello Arcade Ltd. P'ship v. Lyall (In re Lyall), 191 B.R. 78 (E.D. Va. 1996); In re Gleason, 193 B.R. 387 (Bankr. D.N.H. 1996); Judson v. Levine (In re Levine), 50 B.R. 587 (Bankr. S.D. Fla. 1985); In re Taylor, 22 B.R. 888 (Bankr. Ohio 1982); Ballou v. Lentz (In re Ballou), 12 B.R. 611 (Bankr. Kan. 1981); Butz v. Wheeler, 17 B.R. 85 (Bankr. Ohio 1981); In re Crum, 6 B.R. 138 (Bankr. Fla. 1980).

[2] Cases which adopt the minority approach include: In re Thompson, 396 B.R. 5 (Bankr. N.D. Ind. 2008); In re Trickett, 391 B.R. 657 (Bankr. D. Mass. 2008); In re Marciano, 372 B.R. 211 (Bankr. S.D.N.Y. 2007); In re Innis, 331 B.R. 784 (Bankr. C.D. Ill. 2005); In re Barrow, 306 B.R. 28 (Bankr. W.D.N.Y. 2004); Loevy v. Aldrich (In re Aldrich), 250 B.R. 907 (Bankr. W.D. Tenn. 2000).

The reality of the Internal Revenue Code is that the total tax is not necessarily linked to income, while the overpayment is not necessarily linked exclusively to income or withholdings.   For many taxpayers, a significant portion of the refund is attributable not to these factors, but to any of a number of credits, such as the child tax credit or credits for education or for child and dependent care expenses.   In many ways, the tax consequences of a joint filing exhibit no proportionality to respective levels of withholding and income.   Joint tax filers may claim an exemption for each spouse, thereby effectively allowing them to use that exemption to offset income of the spouse with higher earnings.   Similarly, the losses or deductions of one spouse may favorably impact their joint taxable income.   For many married couples, a joint filing permits use of a more favorable tax table.   The results are most dramatically illustrated when one spouse earns the entire family income.   In that instance, because a spouse without income has joined in signing the tax return, the family may pay significantly less tax, as compared to the tax that would have accrued to a married person filing separately but with identical income and withholdings.

In re Barrow, 306 B.R. 28, 30–31 (Bankr. W.D.N.Y. 2004).  This is especially true in the current

case because Debtor stated that he would not have received a refund had he filed alone and

$1674 of the federal tax refund was directly attributable to child credit.  (Answer to Trustee's

Mot. for Turnover ¶ 6, 11–12.)  Second, when a married couple files a joint return, they become

jointly and severally liable for any tax liability.  See 26 U.S.C. § 6013(d)(3) (2006).  "Attendant

to the burden of tax liability should be the benefit of sharing in a tax refund."  In re Innis, 331

B.R. at 787.  Because Debtor's non-filing wife would have been liable for any tax deficiency, it

follows that she should also be entitled to any tax refund.

Thus, the Court holds that where a debtor and non-debtor spouse file a joint tax return,

any refund is presumed to be owned by each spouse in equal shares; therefore, the debtor's estate

is entitled to only half of any tax refund.  Because the issue has not been argued by the parties,

the Court will leave for another day the factors which can be entertained by the Court to rebut the

presumption of equal ownership.  See id. at 789–90.  Since it has also not been raised by the

parties, the Court will not decide whether the child tax credit can be exempted pursuant to 735

Ill. Comp. Stat. 5/12-1001(g)(1).  See In re Koch, 299 B.R. 523, 527–28 (Bankr. C.D. Ill. 2003).

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Trustee's Motion for

Turnover.  Intha Vongchanh shall turnover the sum of three thousand seven hundred and twenty

dollars ($3720) to the trustee for the benefit of the estate.  The foregoing constitutes findings of

fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052.  A

separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the

determinations reached herein.

DATE: June 29, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge